UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LOVANDER D. LIDE, as Mother and
Natural Guardian of Daquan Brown,

                    Plaintiffs,

      - against -

ABBOTT HOUSE, et al.,

                    Defendants.
------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

**05 Civ. 3790 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

On November 7, 2007, the parties in the above-captioned action appeared before this Court for a conference (the "November 7 Conference") in advance of the upcoming scheduled trial. At the November 7 Conference, the parties represented to the Court that they had reached a settlement of the claims, and the case was subsequently closed pursuant to a 90-day Order of Dismissal. Plaintiffs now move for the award of attorney's fees in the amount of eight hundred eighty thousand dollars ($880,000) and costs in the amount of fifty one thousand one hundred seventy four dollars ($51,174). For the reasons set forth below, plaintiffs' motion is denied.

## II. APPLICABLE LAW

Under the Civil Rights Attorney's Fees Awards Act of 1976 (the

1

"Fees Act"), Congress provided that in federal civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."[1] "The purpose of 42 U.S.C. § 1988 ("section 1988") is to ensure effective access to the judicial process for persons with civil rights grievances."[2] "Accordingly, a prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."[3] Because the amount of a fee award depends on the unique facts of each case, district courts are given broad discretion in assessing what is reasonable under the circumstances.[4]

"[S]uch a fee may be awarded regardless of whether a party 'prevails' through settlement or litigation . . . ."[5] Section 1988 "does not create a separate action for attorney's fees."[6] "Under the [Fees] Act it is the prevailing party rather

---

[1] 42 U.S.C. § 1988(b).

[2] *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quotation marks and citation omitted).

[3] *Id.* (quotation marks and citation omitted).

[4] *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) ("[A]bsent an abuse of discretion or an error of law, we will not disturb the district court's calculation of reasonable attorney's fees.").

[5] *Brown v. General Motors Corp., Chevrolet Div.*, 722 F.2d 1009, 1011 (2d Cir. 1983) (citing *Maher v. Gagne*, 448 U.S. 122 (1980)).

[6] *Id.* at 1012.

than the lawyer who is entitled to attorney's fees"[7] and an "award of fees may be made only as to the prevailing party . . . as part of costs recovered in the underlying case."[8]

In discussing the effect of a settlement and release on a subsequent claim for attorney's fees, the Second Circuit stated that it is:

> reasonably obvious that an agreement utilizing the broad language of the release [] accompanied by a stipulation that the case will be dismissed 'without costs to any party' is, absent circumstances indicating otherwise, intended to settle all claims involved in the particular litigation, including a claim for attorney's fees.[9]

In so holding, the Second Circuit noted that "it is the intent of the parties which governs" and found no inconsistency with previous cases in which the court

---

[7] *Id.* at 1011 (citing *Oguachuba v. INS*, 706 F.2d 93, 97 (2d Cir. 1983)).

[8] *Id.* at 1012 (quotation marks omitted).

[9] *Id. Accord Elfast v. BTI Americas, Inc.*, 961 F. Supp. 69 (S.D.N.Y. 1997) (denying motion for attorney's fees under 28 U.S.C. § 1875(d)(2), which contains language similar to section 1988, where settlement agreement contained a general release and the stipulation dismissing the action "without costs" constituted the "emphatic demonstration" of defendant's desire to "preempt future claims revolving around the same matter"). *Cf. Valley Disposal, Inc. v. Central Vermont Solid Waste Disposal Mgmt. Dist.*, 71 F.3d 1053 (2d Cir. 1995) (reiterating its holding in *Brown* but determining the facts of the instant case to warrant holding that the parties' settlement agreement did not waive plaintiffs' claim for attorney's fees where the stipulation dismissing the case specified with particularity which costs were waived by the settlement and could not be held to also waive any costs not mentioned).

"upheld claims for attorney's fees where the settlement agreement neither mentions fees nor purports to effect a general release of all claims against the defendant."[10]

## III. DISCUSSION

At the November 7 Conference, plaintiffs' counsel, on behalf of the parties, informed the Court on the record that "the plaintiffs have agreed to accept $1.375 million in exchange for releases, general release and a stipulation of discontinuance, without costs, without interest, and in full satisfaction of the claims that [the plaintiffs] have against the individual defendants and Abbott House and the City of New York."[11] In explaining the structure of the settlement, plaintiffs' counsel represented that:

> [T]he bulk of the money that goes to the plaintiffs will be structured for [Daquan Brown] to receive a monthly annuity for the rest of his life. There are no balloon payments to the structure. The upfront money – there is no upfront money. Anything that's not structured is consumed in legal fees. And I've also discussed with his mother that anything – I think there's $150,000 that wouldn't be taken by counsel fees that they're going to put in a – that I will personally put in a bank account in her name and her son's name, and that should take care of all of it . . . .[12]

---

[10] *Brown*, 722 F.2d at 1012 (citations omitted).

[11] 11/7/07 Court Conference Transcript ("11/7/07 Tr.") at 3:15-20.

[12] *Id.* at 4:18-5:3.

4

With the consent of the parties, the Court entered an Order of Dismissal, dated November 7, 2007, dismissing this action with prejudice but without costs. The parties, however, were permitted to apply by letter for the reinstatement of the action within ninety days of the Order should settlement fail to be effected within that time.

On January 3, 2008, plaintiffs moved for an award of attorney's fees in the amount of eight hundred eighty thousand dollars ($880,000), resulting from counsel's expenditure of two thousand two hundred (2,200) hours on this case at a rate of four hundred dollars per hour. Additionally, plaintiffs moved for an award of costs in the amount of fifty one thousand one hundred seventy four dollars ($51,174), for a total requested award of nine hundred thirty one thousand one hundred seventy four dollars ($931,174).[13]

Defendants submitted an opposition "to clarify [p]laintiffs' application and to remind the Court that this matter settled on November 7, 2007 for $1.375 million, and that said settlement is inclusive of [p]laintiffs' claim for attorney's fees."[14] Defendants further stated that "the terms of the settlement . . . reflect an unambiguous intent to settle all claims, including any claim for

---

[13] *See* Plaintiffs' Memorandum of Law in Support of § 1988 Fee Application at 4. *See also* Plaintiffs' Affirmation in Support of § 1988 Fee Application.

[14] Defendants' Affirmation in Partial Opposition ¶ 3.

5

attorney's fees," and "[h]ow the settlement proceeds [of $1.375 million] are divided between the [p]laintiffs and their attorney is of little concern to [d]efendants."[15]

Plaintiffs then submitted a reply raising two new issues: *first*, that the settlement agreement and stipulation dismissing the action did not expressly waive an award of attorney's fees and was actually the "worst case scenario" setting forth "how the settlement monies would be distributed in the event that a fee application such as this were denied."[16] Plaintiffs further contend that, even if the Court found the language regarding the settlement to constitute an express waiver of a subsequent award of attorney's fees, "the Court should disregard the waiver because it was procured by means of undue duress by placing plaintiffs' counsel in the predicament of having to choose between the best possible outcome for his client . . ., and preserving plaintiffs' right to obtain an award of attorney's fees after the conclusion of the case."[17] *Second*, plaintiffs argue that even if the Court finds an express waiver of attorney's fees under the terms of the settlement, the waiver should only be applied to the benefit of Abbott House and "should not

---

[15] *Id.* ¶ 7.

[16] Plaintiffs' Reply Memorandum in Support of Fee Application ("Pl. Reply") at 4.

[17] *Id.* at 4-5.

have any consequence with regard to an application for attorney's fees made by plaintiffs against defendant City of New York, [which] is not contributing to the settlement award."[18]

The parties' representations, particularly those made by plaintiffs' counsel at the November 7 Conference as well as the language of the Order of Dismissal to which the parties consented, made abundantly clear that the award of $1.375 million was intended to settle all the claims in this action, including attorney's fees. Similar to the motion for attorney's fees in *Brown v. General Motors Corp., Chevrolet Div.*, the settlement agreement placed on the record before the Court utilized broad language indicating that plaintiffs had accepted the $1.375 million amount in exchange for "releases, general release and a stipulation of discontinuance, without costs, without interest, and in full satisfaction of the claims" against the defendants.[19] Indeed, plaintiffs' counsel continued to represent for the remainder of the November 7 Conference that any fees and costs owed to him would be deducted from the total amount of the settlement.[20] Because

---

[18] *Id.* at 7.

[19] 11/7/07 Tr. at 3:16-20. *See Elfast*, 961 F. Supp. at 69 (denying motion for award of attorney's fees where settlement agreement went "out of its way to exclude any liability other than the agreed settlement payment" and where the action was dismissed "without costs").

[20] *See* 11/7/07 Tr. at 6:19-22 (Plaintiffs' counsel: "Well, what will happen, I believe, your Honor, is that [$]500[,000] will be structured. The other

7

plaintiffs' "application for fees [makes] no showing or offer of proof that less than a complete settlement of all claims in this case was intended"[21] and because the Second Circuit has advised that "[i]n those circumstances, the settlement included any claim for attorney's fees,"[22] I find there was an express waiver of an award of attorney's fees.

Plaintiffs' argument that any express waiver, if found, "ought to be disregarded since it resulted from extreme duress"[23] is unavailing. As an initial matter, in *Evans v. Jeff D.*, the Supreme Court made clear that counsel's "ethical duty [is] to serve his clients loyally and competently" and where a settlement offer is "more favorable than the probable outcome of the trial," counsel's "decision to recommend acceptance [of the settlement offer] [is] consistent with the highest standards of our profession."[24] The Court also noted that counsel is ethically

---

monies will just come to myself and [Lovander Lide] and [Daquan Brown], and then we will take care of it, I'll take care of that for the plaintiffs."). *Accord id.* at 7:17-8:1 (The Court: "[Plaintiffs' counsel] is saying the nonstructured part [of the settlement amount], everything other than the $500,000, he will distribute in accordance with the settlement we just described, namely, his attorney's fees and costs . . . his expenses and whatever remains after attorney's fees, costs, and expenses will be given to the clients jointly. . . ." Plaintiffs' counsel: "Terrific. Thank you.").

[21]  *Brown*, 722 F.2d at 1012.

[22]  *Id.*

[23]  Pl. Reply at 3.

[24]  475 U.S. 717, 728 (1986).

obligated to "exercise independent professional judgment on behalf of his client" and "must not allow his own interests, financial or otherwise, to influence his professional advice."[25] In holding that the district court had the discretionary authority to approve a settlement in a Rule 23 class action even where it provided for the waiver of statutory eligibility for attorney's fees, the Supreme Court stated:

> [W]hile it is undoubtedly true that Congress expected fee shifting to attract competent counsel to represent citizens deprived of their civil rights, it neither bestowed fee awards upon attorneys, nor rendered them nonwaivable or nonnegotiable; instead, it added them to the arsenal of remedies available to combat violations of civil rights, a goal not invariably inconsistent with conditioning settlement on the merits on a waiver of statutory attorney's fees.[26]

Moreover, the Court stated that a "general proscription against negotiated waiver of attorney's fees in exchange for a settlement on the merits would itself impede vindication of civil rights, at least in some cases, by reducing the attractiveness of settlement."[27]

Plaintiffs' reliance on *Evans v. Jeff D.* for the proposition that

---

[25] *Id.* at 728 n.14 (citing *ABA Model Code of Professional Responsibility* EC 5-1, 5-2 (as amended 1980); *ABA Model Rules of Professional Conduct* 1.7(b), 2.1 (as amended 1984)).

[26] *Id.* at 731-32.

[27] *Id.* at 732. *See id.* at 737-38 ("It is therefore not implausible to anticipate that parties to a significant number of civil rights cases will refuse to settle if liability for attorney's fees remains open, thereby forcing more cases to trial, unnecessarily burdening the judicial system and disserving civil rights litigants.").

9

counsel's negotiated waiver of attorney's fees in simultaneous exchange for a settlement on the merits warrants disregard of the express waiver is misplaced. In that very case, the Supreme Court made clear that "it is not necessary to construe the Fees Act as embodying a general rule prohibiting settlements conditioned on the waiver of fees in order to be faithful to the purposes of that Act."[28] "[W]hen the parties find such negotiations conducive to settlement, the public interest, as well as that of the parties, is served by simultaneous negotiations."[29]

Here, plaintiffs' decision to negotiate with defendants and enter into a global settlement that waived statutory eligibility for attorney's fees did not present a circumstance characterized by duress or coercion. Rather, plaintiffs' "own waiver of attorney's fees and costs to obtain settlement of their [] claims is eloquent testimony to the utility of fee waivers in vindicating civil rights claims."[30] In light of plaintiffs' express waiver of statutory eligibility for attorney's fees, the

---

[28] *Id.* at 737-38. *See id.* at 738 n.30 ("[T]he Fees Act should not be interpreted to prohibit all simultaneous negotiations of a defendant's liability on the merits and his liability for his opponent's attorney's fees."). *See also Moore v. Nat'l Ass'n of Sec. Dealers, Inc.*, 762 F.2d 1093, 1100 (D.C. Cir. 1985) ("Nowhere in the express language of the statute is there provision addressing the waiver of fees during settlement negotiation . . . . [O]ur review of the legislative history finds no indication that settlement waivers of attorney['s] fees are prohibited, much less discouraged.").

[29] *Evans*, 475 U.S. at 738 n.30.

[30] *Id.* at 737.

reasonableness of the settlement agreement and award, and the absence of circumstances that throw the legitimacy of the settlement agreement into question, plaintiffs' motion for attorney's fees is denied.

Additionally, I reject plaintiffs' contention that any waiver of attorney's fees "should only have force and effect as to any application for fees made against defendant Abbott House" and the Court should therefore consider the motion for attorney's fees as against defendant City of New York.[31] Because the settlement agreement at issue fully satisfied and resolved all "claims that [the plaintiffs] have against the individual defendants and Abbott House and the City of New York,"[32] and because the Court is "not required to supervise how the defendants apportion liability for that compensation among themselves,"[33] plaintiffs' argument is rejected.

---

[31] Pl. Reply at 7-9.

[32] 11/7/07 Tr. at 3:18-20.

[33] *In re Warner Commc'ns Sec. Litig.*, 798 F.2d 35, 37 (2d Cir. 1986) (holding that district court did not abuse its discretion in approving proposed settlement in class action and it had no duty to supervise apportionment of liability for the settlement amount among defendants if total compensation to class members is fair, reasonable, and adequate).

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion for an award of attorney's fees pursuant to section 1988 is denied. The Clerk of the Court is directed to close this motion [Document No. 110].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
January 22, 2008

## - Appearances -

**For Plaintiffs:**

James B. LeBow, Esq.
350 Fifth Avenue, Suite 4710
New York, NY 10118
(212) 868-3311

**For Defendant Abbott House, et al.**

Stephen J. Donahue, Esq.
Hardin, Kundla, McKeon & Poletto
110 William Street
New York, NY 10038
(212) 571-0111

**For Defendant City of New York, et al.**

Jayne Jahre, Esq.
Sedgwick, Detert, Moran & Arnold, LLP
125 Broad Street, 39th Floor
New York, NY 10004
(212) 422-0202