UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LOVANDER D. LIDE, as Mother and : 
Natural Guardian of Daquan Brown, :
: **MEMORANDUM OPINION**
Plaintiffs, : **AND ORDER**
:
- against - : 05 Civ. 3790 (SAS)
:
ABBOTT HOUSE, et al., :
:
Defendants. :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

This Court is tasked with determining the amount of attorney's fees to be awarded to plaintiffs' counsel, as compensation for his legal services, from plaintiffs' total settlement award of one million three hundred and seventy-five thousand dollars ($1,375,000) in the above-captioned action. On February 21, 2008, the parties appeared before the Court, and plaintiffs' counsel agreed to an award that is the greater of either thirty-three percent of the total settlement amount, or the amount of fees supported by his prior submission of contemporaneous attorney time records (the "CTRs").[1] Plaintiffs' counsel further

---

[1] This agreement was based on the explicit terms of the retainer agreement between counsel and Lovander Lide, dated May 3, 2006. See Retainer Agreement Between James B. LeBow, Esq. and Lovander Lide, Ex. A to Reply Affirmation in Support of Application for Infants Compromise. Plaintiffs' counsel had previously submitted the CTRs in support of his motion for attorney's fees pursuant to 42 U.S.C. § 1988. That motion sought to hold defendants liable for an

1

agreed that the hourly rate at which the award is to be calculated should be no more than three hundred dollars per hour. For the reasons set forth below, plaintiffs' counsel is awarded $467,040 in fees.

In determining the appropriate amount of fees to be awarded by a court "a variety of factors informs the court's determination . . . including the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved."[2] The Court has reviewed the affirmation submitted in support of plaintiff's § 1988 fee application, as well as the CTRs detailing counsel's time spent on behalf of this action. According to the CTRs, plaintiffs' counsel has expended two thousand two hundred and twenty-four hours (2,224) on this action. Applying an hourly rate of three hundred dollars per hour, the total amount sought is six hundred sixty seven thousand two hundred dollars ($667,200). However, for the

---

award of attorney's fees, separate from and in addition to the total settlement award. The Court denied the motion on the ground that plaintiffs' counsel had expressly waived a separate award of attorney's fees by representing that any fees or costs owed to him would be deducted from the total settlement amount. *See Lide v. Abbott House, et al.*, No. 05 Civ. 3790, 2008 WL 194656 (S.D.N.Y. Jan. 23, 2008). Here, the parties now agree that any award of attorney's fees will be deducted from the total settlement and the only issue to be determined is the amount of that award.

[2] *Mar Oil S.A. v. Morrissey*, 982 F.2d 830, 841 (2d Cir. 1993) (quotations and alterations omitted).

following reasons, and in the exercise of my discretion, I am reducing that amount by thirty percent.

*First*, by counsel's own admission, "this was [his] first of this sort of case" and courts have reduced attorney's fee awards based on the attorney's inexperience.[3] Indeed, plaintiffs' counsel concedes that the preparation of even standard submissions amounted to an "arduous task" as a result of his inexperience in this area of litigation.[4]

*Second,* the Court's review of the CTRs reveals that a reduction of attorney's fees is warranted where counsel has included "excessive, redundant or otherwise unnecessary hours."[5] Counsel's CTRs provide numerous instances of excessive and unnecessary hours spent on indisputably straightforward tasks. For example, on both June 19 and June 20, 2006, counsel logs his activity as "read and reviewed order of District Court adjourning deposition of plaintiff's [sic]," and

---

[3] *See, e.g., Hensley v. Eckherhart*, 461 U.S. 424, 438 n.13 (1983) (stating that the district court "properly considered the reasonableness of the hours expended, and reduced the hours of one attorney by thirty percent to account for his *inexperience* and failure to keep contemporaneous time records") (emphasis added).

[4] *See* Affirmation in Support of § 1988 Fee Application of Plaintiffs' Counsel ("Pl. Aff.") ¶ 16 ("Preparing jury instruction and proposed *voir dire* questions was also an arduous task since I did not have a template to work off of, since this was my first of this sort of case.").

[5] *Williamsburg Fair Hous. Comm. v. New York City Hous. Auth.*, No. 76 Civ. 2125, 2007 WL 486610, at *4 (S.D.N.Y. Feb. 14, 2007).

3

lists 2.4 hours as expended on this task during the first day and 0.2 hours on the second day.[6] That counsel required two days and over two and one-half hours to read an Order consisting of just three sentences strains credulity.[7]

Furthermore, the Court observes that "'this litigation was characterized by a notably high level of contentiousness and lack of cooperation that resulted in excessive requests for [c]ourt intervention . . . .'"[8] Indeed, plaintiffs' counsel notes that discovery was "voluminous" and "contentious,"[9] that "settlement discussions have been difficult" and that even the preparation of the joint pre-trial order required "countless hours" of "heated discussion and debate," similar to "every aspect of the case preceding that." In such circumstances, the Second Circuit has held that it is proper to exclude excessive hours expended due

---

[6] *See* Plaintiff Attorney Time Records for *Lide v. Abbott House, et al.* S.D.N.Y. 05-CV-3790 (SAS), Ex. A. to Pl. Aff., at 10.

[7] *See* 6/20/06 Order Adjourning Plaintiff Daquan Brown's Deposition. The CTRs are replete with additional instances where the nature of counsel's activity does not appear commensurate with the amount of time expended. For example, on May 5, 2007, counsel "[t]raveled to P.S. 161, to obtain plaintiff's elementary school records" and lists 7.4 hours as expended on that activity. Based on the description of his activity, over seven hours expended on travel to a location within New York City strikes the Court as both excessive and unnecessary.

[8] *Luciano v. Olsten Corp.*, 109 F.3d 111, 116-17 (2d Cir. 1997) (quoting *Luciano v. Olsten Corp.*, 925 F. Supp. 956, 964 (E.D.N.Y. 1996)).

[9] Pl. Aff. ¶¶ 6, 10, 12.

4

to "unnecessary contentious conduct."[10]

*Third*, "the degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee . . . ."[11] Accordingly, a court should reduce the lodestar amount by any amount of time deemed unreasonable, unnecessary or unrecoverable,[12] and numerous appellate courts have approved of the use of a percentage reduction to adjust fee awards for unsuccessful claims.[13] Here, a number of plaintiffs' claims were dismissed with prejudice,[14] all claims against certain defendants were

---

[10] *Luciano*, 109 F.3d at 117.

[11] *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989).

[12] *See Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) ("In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude . . . hours dedicated to severable unsuccessful claims.") (citing *Hensley*, 461 U.S. at 434).

[13] *See, e.g., Harris v. Marhoefer,* 24 F.3d 16, 18-19 (9th Cir. 1994) (approving district court's fifty percent reduction to the lodestar based on the partial success of the prevailing party, a comparison of relief requested versus relief obtained, and the number of successful claims versus unsuccessful claims); *United States Football League v. National Football League*, 887 F.2d 408, 415 (2d Cir. 1989) (affirming district court's twenty percent reduction of award to account for plaintiff's limited success); *Zook v. Brown*, 865 F.2d 887, 895-96 (7th Cir. 1989) (approving a seventy-five percent reduction to account for plaintiff's limited success); *Institutionalized Juveniles v. Secretary of Pub. Welfare*, 758 F.2d 897, 925 n.44 (3d Cir. 1985) (stating that a district court may "make a percentage reduction for lack of complete success").

[14] *See, e.g.,* 9/17/07 Order (discontinuing all punitive damage claims against all defendants and all conspiracy claims against defendant City of New

5

dismissed,[15] and all direct and derivative claims by plaintiff Lovander Lide were dismissed or discontinued with prejudice.[16] In light of the number of unsuccessful claims, and the effect of those claims on the overall time expended on this litigation, the percentage reduction of counsel's fee award is warranted.

For the reasons stated above, plaintiffs' counsel is awarded $467,040 in attorney's fees. Because no documentation was submitted to substantiate the fifty thousand one hundred and seventy four dollars ($50,174) in costs that counsel seeks, the Court declines to award any costs.[17] Plaintiffs' counsel may,

---

York).

[15]   *See id.* (discontinuing all claims against defendants William Bell, Nicholas Scoppetta, John Mattingly, and Denise Bery).

[16]   *See id.* (discontinuing with prejudice all direct and derivative claims by Lovander Lide against Abbott House). *See also* 9/28/07 Order (dismissing with prejudice all claims direct and derivative claims by Lovander Lide against defendant City of New York and its employees, sued in their individual capacities).

[17]   *See Gissinger v. Yung*, Nos. 04 Civ. 534, 04 Civ. 5406, 2007 WL 2228153, at *8 (E.D.N.Y. July 31, 2007) (denying application for costs and attorney's fees where plaintiffs failed to present any evidence of the costs incurred while prosecuting their claims).

however, submit documentation to substantiate his costs within five business days of this Order.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
February 25, 2008

## - Appearances -

**For Plaintiffs:**

James B. LeBow, Esq.
350 Fifth Avenue, Suite 4710
New York, NY 10118
(212) 868-3311

**For Defendant Abbott House, et al.**

Stephen J. Donahue, Esq.
Hardin, Kundla, McKeon & Poletto
110 William Street
New York, NY 10038
(212) 571-0111

**For Defendant City of New York, et al.**

Jayne Jahre, Esq.
Sedgwick, Detert, Moran & Arnold, LLP
125 Broad Street, 39th Floor
New York, NY 10004
(212) 422-0202